

## ORDERED in the Southern District of Florida on February 7, 2013.

_____
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:  Anay Cardo                                    Case No: 12-34663-AJC
                                                      Chapter 13

_____Debtor_____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY BANK OF AMERICA (LOAN NO. 7199)

THIS CASE came to be heard on January 29, 2013 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 21; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.      The value of the debtor's real property (the "Real Property") located at

<u>7900 West 34th Lane, Unit 101, Hialeah, FL 33018</u>, and more particularly described as UNIT 101, EL PRADO XV A CONDOMINIUM, PHASE 1, BLDG 34, A CONDOMINIUM ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OFFICIAL RECORDS BOOK 16490, PAGE(S) 1163, ET SEQ. OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA; AND ANY AMENDMENTS THERETO; TOGETHER WITH AN UNDIVIDED INTEREST IN AND TO THOSE COMMON ELEMENTS APPURTENANT TO SAID UNIT IN ACCORDANCE WITH AND SUBJECT TO THE COVENANTS, CONDITIONS, RESTRICTIONS, TERMS AND OTHER PROVISIONS OF THAT DECLARATION OF CONDOMINIUM.
is $ <u>78,000.00</u> at the time of the filing of this case.

B.   The total of all claims secured by liens on the Real Property senior to the lien of <u>Bank of America</u> (the "Lender") is $ <u>90,279.06</u> .

C.   The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ <u>0.00</u> and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.   The Motion is **GRANTED**.

2.   Lender has an allowed secured claim in the amount of $ <u>0.00</u> .

3.   Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on <u>May 18, 2007</u> at OR BOOK <u>25631</u> Page <u>3362</u> of the official records of <u>Miami-Dade</u> County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]

4.   (Select only one):

   <u>X</u>   Lender has not filed a proof of claim in this case. The trustee shall

        not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    ___ Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:
Robert Sanchez, Esq.
355 West 49th Street
Hialeah, FL 33012

Attorney  Robert Sanchez, Esq.  is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.